## BERRY v. UNITED STATES.
### No. 699.

Circuit Court of Appeals, Tenth Circuit.
Dec. 16, 1932.

Neal E. McNeill, of Tulsa, Okl., for appellant.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (Harry Seaton, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before COTTERAL, PHILLIPS. and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The appellant was charged with conspiring to violate the prohibitory law; of possessing liquor on three occasions; and of maintaining a nuisance. After a fair trial, the jury found him guilty. The only assignment of error argued is that motions for a directed verdict should have been sustained.

The evidence clearly proved that a speakeasy was located in the Royal Hotel, a negro hostelry ostensibly owned and operated by Lavada Ward, an impecunious young colored woman who was the paramour of appellant. One Fannie Mae Hamilton occupied rooms 310 and 311, which were specially equipped with extra doors of extremely heavy woven steel mesh, with locks ingeniously arranged to prevent entrance except by force. In these rooms, intoxicating liquors were dispensed to any one desiring to buy and able to pay the prevailing price. There is testimony that Fannie Mae Hamilton, a codefendant, said that appellant and Lavada Ward paid her a salary of $10.00 a week for her services as barmaid. Fannie Mae carried on a lively retail business; large orders were handled by Lavada.

The defense is that appellant's only connection with these transactions was to lend his friend, Lavada, moneys to purchase and equip the hotel; that he did this in order to assist a worthy young woman in her struggle to earn a livelihood, and because she was in a favorable position to ask for the loan. That while he occasionally shared her apartment in the hotel, and left some of his personal effects there, the purpose of the occupancy had no relation to the sale of liquor on the premises, of which appellant professes entire ignorance, an ignorance not shared by a considerable portion of the colored populace of that part of Tulsa.

There is another side to the story. Berry is a prosperous and apparently intelligent negro; he owned and operated a garage and service station close to the hotel; and also a bus line for the transportation of members of his own race. Lavada Ward had been engaged in running a rooming house. The former owner of the Royal Hotel, having trouble with his tenant, offered to sell it to Lavada Ward for $22,000, $800 of which was to be

cash. Lavada did not have $800; she put the proposition up to Berry; he investigated it and paid the $800, the deed running to Lavada. After that Berry made monthly payments to the former owner. He paid for fixing up the hotel, and for furniture for it. Berry paid out by check, without security, $2,800 in nine months. Berry negotiated for painting the hotel; negotiated with the salesman of the Pittsburg Plate Glass Company; dealt with tenants, and otherwise acted as an owner. All matters of importance were referred to him, and he was colloquially referred to as "the boss." Berry said he was going to make it one of the finest hotels in that part of Tulsa.

Without detailing all of the evidence, a reading of the record convinces us, beyond any reasonable doubt, that Berry was the actual owner and manager of this hotel, and that he was engaged in the liquor business; that his mistress was left in ostensible control in order that he might hide behind her skirts. The trial court properly submitted the case to the jury, and the jury arrived at the correct result.

The judgment is affirmed. The mandate will issue forthwith.

Affirmed.